```
                     UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF VIRGINIA
                             Norfolk Division
```

**MARK A. GRETHEN, #302162,**

        Petitioner,

v.                                                    ACTION NO. 2:06CV52

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on July 16, 2001, in the Circuit Court for the City of Suffolk, Virginia, for two counts of forcible sodomy, two counts of aggravated sexual battery, and two counts of indecent liberties, as a result of which he was sentenced to serve twenty-six years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 29 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on May 31, 2006. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on June 14, 2006, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the

findings and recommendations set forth in the Report of the United States Magistrate Judge filed May 31, 2006. It is, therefore, ORDERED that the petition be DENIED and DISMISSED pursuant to the statute of limitations and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's findings and recommendations, the objections are without merit. It is clear from the history of this case that the petition is barred by the statute of limitations. Petitioner was sentenced on July 16, 2001, in the Suffolk Circuit Court, and no appeal of the convictions was filed. On August 16, 2001, the one-year period within which petitioner could file a federal proceeding began to run. However, petitioner did not file his state habeas petition in the Supreme Court of Virginia until July 14, 2003. Because there had been no petition or appeal pending between August 16, 2001, and July 14, 2003, the statute of limitations was not tolled. Petitioner's objections essentially address the claims in his habeas petition, but he is not entitled to have the claims heard in this court, because the petition was filed four and one-half years after the federal time started to run.

Petitioner objects to the Magistrate Judge's conclusion that he was convicted of forcible sodomy and that his claims, as expressed in the report and recommendation, are presented in a "truncated version," that neither the Court nor the respondent addressed those claims on the merits, and petitioner erroneously presumes that exhaustion occurs only when a claim is timely filed. In fact, petitioner failed to file a state proceeding, such as an appeal or a habeas petition, that allowed the one year from August 16, 2001, to August 16, 2002, to proceed uninterrupted, thus, cutting off petitioner's right to bring a habeas petition before

this court.  No evidence has been presented that would support a finding that the time within which to file a federal habeas petition has been statutorily tolled.  Further, petitioner, while complaining of actions taken by various attorneys, fails to establish any legitimate basis for equitable tolling of the statute of limitations.  In fact, the petition appears to be frivolous, almost to the point of being disrespectful.  All of petitioner's claims were addressed by trial counsel in an affidavit filed in response to the state habeas petition.  The attorney addressed each of the issues raised by petitioner and made clear the time he devoted to the preparation and presentation of petitioner's case, at trial, and the extraordinarily difficult circumstances under which he was working.  The attorney's efforts could not be better illustrated than by the fact that petitioner obtained the benefit of bond prior to pleading guilty to the charges and was not remanded to custody until after entering his pleas.  At that point, the trial court concluded that petitioner, having acknowledged his guilt and responsibility for the criminals acts, posed a risk to the community, justifying remand.

It is hard to imagine an attorney doing more than was done by petitioner's defense counsel.  It must be remembered that petitioner abused his own children, who were, at the time, approximately five and three years of age.  The matter was discovered only when petitioner's wife found him engaged in sexual behavior with one of the children and found the children engaged in sexual behavior on another occasion.

Petitioner has had ample access to the courts of the Commonwealth of Virginia, and his case was heard in an environment in which the results left little doubt. Petitioner explained to numerous individuals, including the Department of Social Services, a minister,

members of a consulting group, and friends, that he had engaged in serious misconduct with his children. At trial he did what might reasonably be expected; he accepted a plea bargain in which twenty of the twenty-six counts on which he was indicted would be dismissed in return for his plea to six individual charges. Petitioner claims that the court lacked jurisdiction and that there were issues of double jeopardy which were not addressed, but the allegations bear no factual support in the record. Instead, they reflect effort on petitioner's part to divert the court from the true facts in the case, none of which support habeas relief.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

                                                    /s/
                                          Rebecca Beach Smith

Norfolk, Virginia

August 15, 2006